IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 2 3 2009

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-02821-BNB

ROBERT R. ROGERS,

Plaintiff,

v.

ARISTEDES ZAVARES, Executive Director Colorado Dept. of Corrections,
TANIA GARCIA, T.C. Program Manager,
TEGAN HAACK, CACIII, T.C. Program,
ART DUCHARME, CAC III, Therapist, T.C. Program, and
STACY GORDON, DOC CCI Greenhouse Employee,

Defendants.

## ORDER

Plaintiff Robert R. Rogers is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Arkansas Valley Correctional Facility (AVCF) at Crowley, Colorado. Mr. Rogers has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution were violated while he was incarcerated at the Arrowhead Correctional Center (ACC) in Cañon City, Colorado. Mr. Rogers alleges that he was transferred out of the ACC on May 28, 2008, and that he arrived at the AVCF on July 21, 2008. The named Defendants are four prison officials at the ACC and the Executive Director of the Colorado Department of Corrections.

This matter is before the Court on the "Memorandum of Law in Support of Motion for Temporary Restraining Order and Preliminary Injunction" filed by Mr. Rogers on

December 31, 2008, and the "Emergency Motion for Protection Order" filed by Mr. Rogers on January 7, 2009. The December 31 memorandum of law has been docketed as a motion for temporary restraining order or preliminary injunction. The January 7 motion also will be construed as a motion for a temporary restraining order or preliminary injunction.

The Court must construe the motions liberally because Mr. Rogers is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the motions for a temporary restraining order or preliminary injunction will be denied.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). Similarly, a party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued. *See* Fed. R. Civ. P. 65(b)(1)(A).

Mr. Rogers alleges in his complaint that he witnessed Defendant Tegan Haack and another inmate engaged in a sexual act in September 2007 and that Defendant Haack subsequently forced Mr. Rogers to participate in a substance abuse treatment

2

program at ACC. Mr. Rogers further alleges that Defendants Garcia and Ducharme threatened him with the loss of any opportunity for an early release if he told anyone about the sexual encounter he witnessed involving Defendant Haack. Mr. Rogers claims that he eventually was terminated from the treatment program and his job at the ACC without due process, which prevents him from being eligible for an early release. Mr. Rogers also asserts a claim that he was denied medical treatment while participating in the treatment program at the ACC.

Mr. Rogers alleges in the December 31 motion that he seeks a temporary restraining order or preliminary injunction to ensure that he no longer is abused by DOC staff. He alleges in the December 31 motion that he has been labeled a "rat" based on his efforts to seek relief for his claims in this action and that he has been harassed by DOC staff and other inmates. Mr. Rogers contends in the December 31 motion that he has a real fear of assaults and further retaliation.

Mr. Rogers alleges in his January 7 motion that he has been threatened on a regular basis by staff and inmates because of his efforts to seek relief for his claims. Mr. Rogers also alleges that he was attacked and stabbed in the abdomen by unknown and unprovoked assailants on December 18, 2008; that he has not received medical attention for his wounds; that he has been placed in solitary confinement; that he regularly is harassed and humiliated by staff; and that he was struck by a DOC officer after his injuries from the stabbing incident were documented. Mr. Rogers believes he no longer can be housed safely within the DOC and that further attacks are imminent.

The Court does not find that the allegations in either motion satisfy the requirements for issuance of a temporary restraining order or preliminary injunction in

this action. Pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure, an order granting a preliminary injunction or temporary restraining order may be issued only against a party; officers, agents, servants, employees, or attorneys of a party; or other persons acting in concert or participating with a party or the party's officers, agents, servants, employees, or attorneys. Mr. Rogers' allegations in the motions for a temporary restraining order or preliminary injunction describe threats, harassment, and an assault by individuals who are not parties to this action. Mr. Rogers does not allege or demonstrate that the named Defendants are acting with or directing any other individuals to threaten, harass, or assault him. Furthermore, Mr. Rogers' allegations in support of his motions for a temporary restraining order or preliminary injunction relate only in a tangential way to the claims he is asserting in this action. As discussed above, Mr. Rogers claims that his constitutional rights were violated while he was incarcerated at the ACC prior to June 2008 by prison officials at the ACC. Therefore, the motions for a preliminary injunction or temporary restraining order will be denied. Accordingly, it is

ORDERED that the "Memorandum of Law in Support of Motion for Temporary Restraining Order and Preliminary Injunction" filed by Mr. Rogers on December 31, 2008, and the "Emergency Motion for Protection Order" filed by Mr. Rogers on January 7, 2009, are denied.

DATED at Denver, Colorado, this 23 day of January, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02821-BNB

Robert R. Rogers
Reg No. 60905
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 1/23/09

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk