IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-02821-WYD-MJW

ROBERT R.  ROGERS,

Plaintiff,

v.

ARISTEDES ZAVARAS, et al.,

Defendant.

---

**MINUTE ORDER**

---

**Entered by Magistrate Judge Michael J. Watanabe**

It is hereby **ORDERED** that Plaintiff's Motion to Preserve Video Evidence and Documents **(Docket No. 47)** is **denied**.  Plaintiff is seeking to preserve purported video and paper evidence concerning actions allegedly taken by a non-party after the commencement of this action.  Plaintiff has not shown that such evidence is relevant to the claims made in the Amended Prisoner Complaint against the named defendants in this case.

It is further **ORDERED** that plaintiff's Motion to Demonstrate Misconduct by Defendants Request for Sanctions and Order to Return Evidence **(Docket No. 54)** is is **granted in part and denied in part**.  The motion is granted solely insofar as plaintiff's request to have three attached exhibits included in the case file and made part of his Declaration apparently filed in support of plaintiff's motion found at Docket No. 43.  The motion is denied in all other respects, namely, plaintiff's request that the court order missing confiscated legal and mental health documents to be returned to him, order defendants to destroy any copies made of such documents, impose sanctions on defendant Zavaras and defense counsel for ordering the confiscation, and intervene and provide a safe environment for him by placing him in a federal facility or in another state where he may have the freedom to litigate this case without retaliation.  Plaintiff offers nothing but speculation and hearsay that defendant Zavaras and defense counsel were involved in the non-party's confiscation of plaintiff's documents.

It is further **ORDERED** that plaintiff's Motion Requesting that Defendants be Found in Contempt of Court and to Provide For Monetary Sanctions for Their Actions **(Docket No. 88)** is **denied**.  Once again, plaintiff seeks sanctions for the confiscation of various documents.  In addition, he claims that a search warrant was obtained for his elderly god-parents in Englewood, Colorado, during which evidence was allegedly confiscated.  Plaintiff asks the court to grant all pending motions now before the court

2

that are in default, that his motion for a temporary restraining order be granted, that he be placed in custody where he can be safe and free from retaliation, injury, or further damage at the hand of the defendants or their designees, and that monetary and punitive sanctions be imposed on defense counsel and defendants for their alleged continued acts of retaliation and obstruction. Plaintiff, however, has not established that the defendants or defense counsel are in contempt of court or were involved in confiscating documents or obtaining and executing a search warrant.

It is further **ORDERED** that Plaintiff's Motion to Include Affidavit Into Case File **(Docket No. 90**) is **granted**. Plaintiff seeks to have an attached affidavit and declaration by Roger Gross included in the case file and as part of plaintiff's motion for protection order (presumably Docket No. 43). That document will be included as part of Docket No. 43.

It is further **ORDERED** that plaintiff's Notice to Court that Defendants Have Failed to Serve Plaintiff with Responses (Docket No. 73, 74) and Request for Sanctions **(Docket No. 91)** is **denied**. Defense counsel has represented to the court and the Certificates of Service attached to Docket Nos. 73 and 74 reflect that defense counsel had copies of Docket Nos. 73 and 74 mailed to plaintiff. In addition, upon receipt of plaintiff's motion (docket No. 91), defense counsel arranged to have another copy of those two documents sent to plaintiff. (response filed - docket no. 103). There is no basis for the imposition of sanctions.

Date: August 7, 2009